Pawanjit KAUR, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 03–70179.
Agency No. A75–306–214.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Dec. 16, 2003.

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Robbin K. Blaya, U.S. Department of Justice, Washington, DC, for Respondent.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

**MEMORANDUM****

Pawanjit Kaur petitions for review of a final decision of the Board of Immigration Appeals (BIA) denying her requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. We have jurisdiction

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pursuant to 8 U.S.C. § 1252, and we deny the petition.

## DISCUSSION

To establish her eligibility for asylum, Kaur was required to demonstrate that she is unable or unwilling to return to India because of past persecution or a well-founded fear of persecution on account of political opinion. *See Singh v. INS*, 340 F.3d 802, 807 (9th Cir.2003). Substantial evidence supports the BIA's conclusion that Kaur failed to establish her eligibility for asylum. *See id.* at 806 (noting that we may reverse the BIA's decision only if petitioner's evidence was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution).

The BIA discredited Kaur's testimony because of inconsistencies in her testimony. Although Kaur now seeks to characterize the inconsistencies as minor, we agree with the BIA that the inconsistencies were major and "go to the heart of [Kaur's] application." *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1245 (9th Cir.2003). Moreover, we agree with the BIA that even if Kaur's testimony is fully credited, the events that she describes do not amount to persecution on account of an imputed political opinion. Kaur's failure to establish her eligibility for asylum also forecloses her from qualifying for mandatory withholding of removal. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n. 5 (9th Cir.2003). Finally, Kaur is not eligible for relief under the United Nations Convention Against Torture because she did not demonstrate that it is "more likely than not that he or she would be tortured" if she returns to India. *See*

*Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002).

**PETITION DENIED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.